## Brownstein v. Philadelphia Transportation Company

*Robert A. Korn*, for plaintiff.

*Albert C. Braslow*, for defendant.

McDEVITT, J., April 9, 1969. — Interrogatories should be specific and to the point: Venito v. Pennsylvania R. R. Co., 10 Chester 237 (1960). Plaintiff's interrogatory 1 (c) asks for the names and last known addresses of all persons known to defendant, defendant's attorney, or any of defendant's representatives, "who have any knowledge of any of the facts of this accident, the surrounding circumstances, the plaintiff's injuries and/or the plaintiff's damages resulting therefrom". The inquiry is so broad that we may conclude that it would cause defendant unreasonable annoyance and oppression to answer it. Even were we to limit the inquiry to the names and addresses of "persons who have direct knowledge of relevant facts and circumstances of the accident or of the events leading up to it or following it" (as was done in Venito, supra, at pp. 246-7), defendant would be hard put to say which "circumstances", etc., are "relevant." We are fully aware that discovery of witnesses is exempted from the prohibitions of Pennsylvania Rules of Civil Procedure 4011 (d) ; however, the limitations of sections (b) and (e) of Rule 4011 apply to discovery of witnesses as well as to discovery of other information. Plaintiff may acquire the information he seeks by more specific inquiries. By our ruling herein, we do not find fault with inquiries that are in the nature of a "fishing expedition". Legitimate discovery procedures often are, and sometimes must be, fishing expeditions. What we do condemn is the attempt to fish with a net rather than with a hook or a harpoon.

## ORDER

And now, April 9, 1969, defendant's objection to interrogatory 1 (c) is sustained.