## Luken v. Entine

*Howard L. Schambelan*, for plaintiff.

*A. Arthur Hanamirian* and *Liebert, Short, Fitzpatrick & Lavin*, for defendants.

SPORKIN, J., March 13, 1974.—This case is before us on a motion of one of the defendants, Joseph Entine, M.D. (Entine) for more specific answers to interrogatories propounded by him to plaintiff, Harry Luken (Luken). The specific interrogatories in question are numbers 24 through 26, 32, and 40 through 47. We address ourselves to each interrogatory or class of interrogatories.

Interrogatory number 24 seeks the name and address of each person who witnessed any of the acts or omissions on which the complaint against Entine is based. Luken objects to such interrogatory as premature, in view of the fact that he has not had the opportunity to complete discovery.* This is a malpractice action alleging negligence by the two defendants, Entine and Joseph Foreman, M.D. (Foreman), or by their agents, servants, workmen and/or employes. In such cases our courts have recognized the difficulty of a plaintiff in ascertaining with specificity the names

---

* It is to be noted that no indication appears on the docket of any requests for depositions at this point.

of witnesses or of negligent actors prior to depositions of the physician defendants. Such information, although relevant, is particularly within the knowledge of the individual defendants and is not available to plaintiff until interrogatories or depositions have been taken from such defendants. Thus, in Gray v. Oech, 49 D. & C. 2d 358, 364, 365 (1970), the court dismissed defendant's petition for sanctions for a similar failure to respond to interrogatories, but did so without prejudice to the rights of defendants to seek more specific responses after the taking of defendants' depositions. We adopt such procedure here and dismiss Entine's motion for more specific answers without prejudice to his right to renew the motion after the depositions of Entine and Foreman have been taken or a certificate of readiness filed, whichever date is earlier.

Interrogatories numbers 25 and 26 request identification of all texts, articles, publications, etc., upon which plaintiff relies in his allegations of malpractice. These interrogatories, we believe, seek technical information, most of which is exclusively within knowledge of plaintiff's expert witnesses. As stated by the court in Ruddy v. Pennsylvania Gas & Water Co., 36 D. & C. 2d 705, 709 (1965): "In regard to information which may exclusively be within the knowledge of his physician, plaintiff may, in response to such inquiry, indicate his personal lack of requisite knowledge." Accordingly, interrogatories numbers 25 and 26 shall be ordered stricken.

Interrogatory number 32 seeks the names of "all persons who witnessed [the examinations and course of treatment of Luken by Entine] *or who have information or knowledge concerning same.*" (Parenthetical insertion added). The same principles apply to these interrogatories as have been discussed previously with

respect to interrogatory number 24, and as with our treatment of interrogatory number 24, we shall again follow the procedural initiatives of Gray, supra, and shall defer the time at which plaintiff may be compelled to answer interrogatory number 32 until after the depositions of Entine and Foreman have been taken, or the certificate of readiness is filed, whichever date is earlier. We must add, however, that the italicized language quoted supra from interrogatory 32 is improper as overbroad. Thus, the words "or who have information or knowledge concerning same" will be stricken from interrogatory 32 as propounded by Entine.

Interrogatories numbers 40 and 41 seek identification of "any person who has knowledge or information concerning this case whose name and address is not listed in the preceding interrogatories." This form of inquiry has been rejected by our courts as overbroad: Nissley v. Pennsylvania R.R. Co., 435 Pa. 503, 508, 259 A. 2d 451 (1969); Brownstein v. P.T.C., 46 D. & C. 2d 463 (1969). Interrogatories numbers 40 and 41 are accordingly ordered stricken here.

Interrogatory number 42 seeks identification of those individuals alleged by Luken to be agents, servants, workmen, and/or employes of Entine, and is subject to the same considerations and shall be treated in the same manner as interrogatories numbers 24 and 32, discussed heretofore.

Interrogatories numbers 43 and 44 seek to have Luken specify his theory upon which the claim of negligence is based. This inquiry is properly within the scope of discovery in Pennsylvania, but is again subject to the conditions set forth previously in our discussion of interrogatories numbers 24 and 32. We again adopt the Gray ruling with respect to such inquiries.

We believe, however, that although a defendant is entitled to know the theory upon which plaintiff's claims of negligence are based, he may not bind plaintiff to a specific theory as to what standard of care should have been applied. Such determination is for the fact-finder, and furthermore calls for legal conclusions and expert opinion from plaintiff. Insofar as interrogatories numbers 44 through 47 seek such information or theories, they shall be stricken. Interrogatory number 47, however, inquires also as to the "history" that indicated the necessity for diagnostic procedures. As to this portion of interrogatory number 47, we hold that the information demanded is within the present realm of knowledge of Luken, and we shall compel him to answer that portion of interrogatory number 47 forthwith.

## ORDER

And now, to wit, March 3, 1974, upon motion by defendant, Joseph Entine, M.D., and answer by plaintiff, Harry Luken, it is hereby ordered and decreed that:

1. The motion of defendant, Entine, seeking a more specific answer to interrogatory number 24 is denied and refused, without prejudice to the right of Entine to seek more specific response to such interrogatory after the taking of depositions referred to in this opinion, or 30 days before the date of hearing on this matter, whichever is earlier.

2. The motion of defendant Entine seeking more specific answers to interrogatories numbers 25 and 26 is denied and refused, and such interrogatories are ordered stricken.

3. The motion of Entine, seeking more specific answer from Luken to interrogatory number 32 is denied and dismissed, without prejudice to the right of Entine to seek more specific response to such interrogatory after the taking of depositions referred to in this opinion, or 30 days before the date of hearing on this matter, whichever is earlier. The words "or who have information or knowledge concerning same" however, are ordered stricken from said interrogatory as overbroad.

4. The motion of Entine, seeking more specific answers by Luken to interrogatories numbers 40 and 41 is denied and dismissed, and such interrogatories ordered stricken as overbroad.

5. The motion of Entine, seeking more specific answers to interrogatories numbers 42 through 44 is denied and refused, without prejudice to the right of Entine to seek more specific response to such interrogatory after the taking of depositions referred to in this opinion, or 30 days before the date of hearing on this matter, whichever is earlier.

6. The motion of defendant Entine seeking more specific answers to interrogatories numbers 45 and 46 is denied and refused, and such interrogatories are ordered stricken.

7. The motion of Entine for more specific answer by Luken to interrogatory number 47 is sustained insofar as it requests information as to the *"history"* that indicated the necessity for diagnostic procedures claimed by plaintiff to have been required as a proper course of medical treatment by Entine. The motion is denied and dismissed with respect to the request for information pertaining to precise diagnostic *procedures* claimed to have been required as a proper course of treatment.