Brogan v. Rosenn, Jenkins & Greenwald, LLP

*Michael J. Kenny*, for plaintiffs.

*James J. Wilson*, for defendants Rosenn, Jenkins & Greenwald, LLP and David F. Chuff.

*David R. Cherundolo*, for defendants SBP Abstracting and Anthony J. Popeck.

*Stephen G. Bresset*, for defendant Conestoga Title Insurance Co.

NEALON, *J.*, July 5, 2013—

ORDER

In their latest motion to compel discovery, plaintiffs, Thomas Brogan and Wendy Brogan ("the Brogans"), seek access to the "original" records and "digital files" of defendant, Conestoga Title Insurance Company ("Conestoga"). Oral argument on the Brogans' discovery motion was conducted on July 3, 2013, at the conclusion of which this matter was submitted for a decision.

As previously noted, this "relatively straightforward and uncomplicated" case involves the Brogans' claims

against their former counsel, David F. Chuff ("Chuff") and Rosenn, Jenkins & Greenwald, LLP ("Rosenn"), and title searcher, Anthony J. Popeck ("Popeck"), who allegedly failed to advise the Brogans that the property which they purchased was encumbered by a utility easement. *Brogan v. Rosenn, Jenkins & Greenwald. LLP,* 2013 WL 1742689, at *1 (Lacka. Co. 2013). Since that easement prohibits structures within thirty feet of it, the Brogans contend that they must construct their sewer and water lines at least eight feet beneath the water main of the Pennsylvania Gas & Water Company. *Id.* The Brogans have asserted breach of contract, bad faith liability and negligent misrepresentation claims against their title insurer, Conestoga, which "denies that the Brogans' title defect claim is covered by the terms of the title insurance policy." *Id.* at *2.

The Brogans now seek to inspect and copy the "original and digital" versions of the following four categories of materials in "FoxPro, Outlook, and LaserFiche" formats: (1) Conestoga's claims files concerning the Brogans' claim and Conestoga's cross-claim against Rosenn; (2) any "claims denial and approval letters, and settlement acceptance, rejection, and objection letters" pertaining to those claims; (3) any notes prepared by Conestoga's paralegal, Rebecca Breault ("Breault"), relative to her conversation with the Brogans' consultant, Kevin Conforti, on October 15, 2007; and (4) personnel files of six former employees of Conestoga. (Plaintiffs' motion to compel dated 2/19/13, exhibit A). Conestoga has represented in its responsive filings and during the transcribed oral argument that the requested materials have either been produced previously in discovery or simply do not exist.

Pennsylvania Rule of Civil Procedure 4009.1(a) provides that "[a]ny party may serve a request upon a party pursuant to Rules 4009.11 and 4009.12... to produce and permit the requesting party, or someone acting on the party's behalf, to inspect and copy any designated documents..., or to inspect, copy, test or sample any tangible things or electronically stored information, which constitute or contain matters within the scope of Rules 4003.1 through 4003.6 inclusive and which are in the possession, custody or control of the party...." Pa.R.C.P. 4009.1(a). In 2012, Rule 4009.1(b) was adopted and states that "[a] party requesting electronically stored information may specify the format in which it is to be produced and a responding party or person not a party may object" Pa.R.C.P. 4009.1(b). The 2012 Explanatory Comment accompanying the amendments to Rule 4009.1 indicate, in pertinent part, as follows:

> As with all other discovery, electronically stored information is governed by a proportionality standard in order that discovery obligations are consistent with the just, speedy and inexpensive determination and resolution of litigation disputes. The proportionality standard requires the court, within the framework of the purpose of discovery of giving each party the opportunity to prepare its case, to consider: (i) the nature and scope of the litigation, including the importance and complexity of the issues and the amounts at stake; (ii) the relevance of electronically stored information and its importance to the court's adjudication in the given case; (iii) the cost, burden and delay that may be imposed on the parties to deal with electronically stored information; (iv) the ease of producing electronically

stored information and whether substantially similar information is available with less burden; and (v) any other factors relevant under the circumstances.

*PTSI, Inc. v. Haley*, 2013 WL 2285109, at *11 (Pa. Super. 2013) (quoting Pa.R.C.P. 4009.1, Explanatory Comment (2012)).

With respect to the Brogans' demand for access to Conestoga's original and electronically stored claims file, Conestoga and its counsel have repeatedly represented that every document which is contained in their files "from the inception of the [title insurance] policy to the commencement of this litigation" has already been produced. The Brogans nevertheless allege that "we think things are missing" and that they "believe" that Conestoga's entire file has not been provided. The Brogans speculated at the time of oral argument that a pre-closing name search may have been conducted by Chuff or Popeck, but they did not articulate any plausible reason for their subjective assertion that such a name search was done or that it allegedly would be contained in the original or digital files of Conestoga. Nor have they attempted to secure a copy of that purported name search from Chuff or Popeck. Therefore, the Brogans have not established that a review of Conestoga's original and digital claims file is reasonably calculated to lead to the discovery of such an alleged document or any other relevant material which has not already been produced.

As for the second category of original and electronically stored information ("ESI") sought, the Brogans never requested production of paper copies of the same, and have instead demanded the original and digital forms of those

alleged materials. Counsel for Conestoga confirmed at the time of oral argument that there are no earlier drafts of Conestoga's denial of coverage letter that was transmitted to the Brogans, nor was the working copy of that letter ever saved as a document on Conestoga's computer system. Conestoga has also stated on the transcribed record that there are no "approval letters, and settlement acceptance, rejection and objection letters" as demanded by the Brogans. In response, the Brogans have suggested that "metadata" existing in Conestoga's computer files would reveal every document generated by Conestoga, but they have also expressed an unwillingness to retain a forensic electronic discovery expert to retrieve any ESI on Conestoga's computers.[1] *See PTSI, Inc., supra*, at *16 (Wecht, J., concurring) (discussing forensic examiner's retrieval and review of ESI on party's computers).

The third class of original records and ESI sought by the Brogans relates to Rebecca Breault's telephone discussion with Kevin Conforti. During her deposition, Ms. Breault testified that she only typed a memorandum of that conversation as it transpired, and it is undisputed that Conestoga has already furnished that memorandum to the Brogans. (*See* deposition of Rebecca Breault dated 12/5/12, exhibit 14, Bates No. 000286). Ms. Breault testified that she did not prepare any separate notes

---

1. "Medadata is 'data typically stored electronically that describes characteristics of ESI, found in different places and different forms,'" and while "some medadata, such as file dates and sizes, can easily be seen by users, other medadata can be hidden or embedded and unavailable to computer users who are not technically adept." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 161 n. 3 (3rd Cir. 2012) (quoting The Sedona Conference, *The Sedona Conference Glossary: E-Discovery & Digital Information Management*, at 34 (Sherry B. Harris et al. eds. 3rd ed. 2010)).

pertaining to that conversation, and the Brogans have not advanced a valid reason for their subjective contention that any such notes exist and have not been produced.

The fourth group of original and digital materials demanded by the Brogans relate to the employment records of six former employees. The Brogans acknowledged at the time of oral argument that they have never sought paper copies of those documents since they "might come with redactions" if they are sought in that format. But *see, Bianco v. GMAC Mortgage Corp.*, 2008 WL 4661241, at *2 (E.D. Pa. 2008) (noting that inspection of "electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy."); Salvatore Joseph Bauccio, *E-Discovery: Why and How E-Mail is Changing the Way Trials are Won and Lost*, 45 Duq. L. Rev. 269, 273 (Winter 2007) (stating that production of electronically "stored data poses a substantial risk of the inadvertent waiver of both the attorney-client and work-product privileges," as a result of which, "the responding party must hire attorneys to review the files for privileged materials."). In reply, Conestoga has indicated that it will produce the non-privileged portions of those personnel files in paper format if the Brogans simply request copies of those materials rather than demand unbridled access to the original and digital versions of those records.

With the exception of the above-quoted discussion of the "proportionality standard" in *PTSI, Inc.* in connection with the denial of a motion for spoliation sanctions following a party's deletion of ESI, there is an absence of appellate precedent addressing electronic discovery in civil litigation. *See Brooks v. Frattaroli*, 2009 WL 7419028,

at *2 (Leb. Co. 2009) ("...no Pennsylvania appellate decision has as of yet addressed the issue of whether a civil litigant should be permitted to enter the property of a party opponent in order to access the opponent's computer files."). Based upon the foregoing discussion, the Brogans have not established their right to the requested ESI under the proportionality standard governing such requests. First, as previously noted, this litigation is not particularly complex, and there is no reason to believe that the parties' discovery needs cannot be satisfied by traditional paper discovery. Moreover, the Brogans' subjective suspicions that other discoverable documents may conceivably exist, notwithstanding Conestoga's repeated attestations and representations to the contrary, do not establish the relevance and importance of ESI. *See, Bianco, supra*, at *3 ("This court is loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information. Such conduct is always a possibility in any case, but the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct.") (quoting *Scotts Co. v. Liberty Mut. Ins. Co.*, 2007 WL 1723509, at *2 (S.D. Ohio 2007)).

Furthermore, the retrieval and review of the ESI sought by the Brogans will require the services of a forensic examiner and involve considerable time and expense, and the Brogans have stated that they are unwilling to bear that cost. *See International Cartridge Corp. v. Kilgore Flares Co., LLC*, 2012 WL 8134303, at *13-14 (Jeff. Co. 2012) (requiring requesting party to pay costs associated with electronic discovery unless forensic search of responding party's computers reveals that "materially relevant

information" was not otherwise disclosed by responding party); *Young v. Pleasant Valley School District*, 2008 WL 2857912, at * 2 (M.D. Pa. 2008) (denying electronic discovery request on grounds that "[t]his case does not involve a billionaire multi-national corporation that could produce the material in question using a miniscule fraction of its budget, and the plaintiffs do not have a large financial interest in the case which could only be realized with [electronically stored] information on the tapes."); *Brooks, supra*, at *4 (requesting party's "attorney indicated that he would bear the cost of hiring an expert to perform an analysis of [opponent's] hard drives."). Perhaps most importantly, Conestoga has already provided the Brogans with Conestoga's entire claims file and has indicated that it will produce copies of the non-privileged portions of the requested employment records sought by the Brogans. Thus, the same or "substantially similar information is available with less burden," *PTSI, Inc., supra*, at * 11 (quoting Pa.R.C.P. 4009.1, Explanatory Comment (2012)), via paper discovery, as opposed to electronic discovery. *See Young, supra*, at *1 (finding electronic discovery request unwarranted since it was "not likely" to produce material that was not already "available in another, less burdensome way."); *Diepenhorst v. City of Battle Creek*, 2006 WL 1851243, at * 3 (W.D. Mich. 2006) (denying motion to compel forensic examination of party's computer hard drive, and holding that such discovery "is allowed only on a finding that the opponent's document production has been inadequate and that a search of the opponent's computer could recover deleted relevant materials.").

Under the Pennsylvania discovery rules, a party is not entitled to discovery unless the requestor demonstrates that the information sought is relevant or "reasonably

calculated to lead to the discovery of admissible evidence." *See Cooper v. Schoffstall,* 588 Pa. 505, 522,905 A.2d 482,493 (2006) (citing Pa.R.C.P. 4003.1(b)). The Brogans have not established their entitlement to electronic discovery under the proportionality standard governing ESI discovery pursuant to Rule 4009.1. *See also, Brooks, supra,* at *4-5 ("At a minimum, a party seeking ESI discovery should be required to submit an affidavit setting forth facts and/or documentation to establish the need and legitimacy of ESI discovery.... To use a sports metaphor, in order to obtain permission for this type of ESI discovery, a party must travel the length of a football field and into the end zone. While [the requestor] may have driven into field goal range, he has not yet crossed the ESI goal line."). The Brogans likewise have not demonstrated their right or need to review the originals of Conestoga's files and records. *See Brogan, supra,* at *9 ("While a limited degree of 'fishing' is to be expected with certain discovery requests, parties are not permitted 'to fish with a net rather than with a hook or a harpoon.'") (quoting *Brownstein v. Philadelphia Transp. Co.,* 46 Pa. D. & C.2d 463, 464 (Phila. Co. 1969)). Accordingly, the Brogans' motion to compel will be denied.

And now, this 5th day of July, 2013, upon consideration of "plaintiffs' motion to compel Conestoga to comply with plaintiffs' request to enter property to inspect documents & things," the memoranda of law submitted by the parties and the oral argument of counsel on July 3, 2013, and based upon the reasoning set forth above, it is hereby ordered and decreed that "plaintiffs' motion to compel conestoga to comply with plaintiffs' request to enter property to inspect documents & things" is denied.