Ronald W. YOUNG, Appellant,

v.

Frederick C. FISHBACK, Appellee.

No. 14408.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 17, 1958.

Decided Dec. 18, 1958.

Petition for Rehearing In Banc Denied Jan. 20, 1959.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. Richard B. Lansdal, Washington, D. C., was on the brief, for appellant.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Messrs. J. Harry Welch, H. Mason Welch, J. Joseph Barse, and Arthur V. Butler, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

About a year after the appellee, Dr. Fishback, performed an appendectomy on Ronald W. Young, the appellant, an abscess the size of a small egg had developed on the scar. After Dr. Fishback operated again to relieve the abscess, this action for alleged malpractice was filed against him by the patient and his wife.

The theory of the plaintiffs was that a foreign body had been negligently left in the wound at the time of the first operation and had caused the abscess. Plaintiffs did not produce any direct testimony that a foreign substance was found in the course of the second operation, but relied upon Ronald Young's own testimony and the testimony of his father, both reciting statements to that effect allegedly made to them individually by Dr. Fishback. The doctor denied making any admissions, and said he found no foreign substance when he reopened the wound. It can be inferred from the testimony of the plaintiffs at least that a small portion of or a few threads from a piece of gauze had been left in the first incision by the doctor. According to the evidence, such material will not be absorbed.

The trial judge interrupted the argument of plaintiffs' counsel, took the case from the jury, and directed a verdict for the defendant doctor, because the plaintiffs had not produced expert testimony to show that leaving a small bit of gauze or a few threads in the wound is not in accord with the degree of skill and care common to surgeons in this locality.

We think the court erred in taking the case from the jury. Everybody knows, without being told by an expert, that it is not approved surgical practice to leave in a patient's body a small bit of gauze or a few threads therefrom, or any other foreign nonabsorbable substance, no matter how small. It was for the jury to say whether the defendant had left even a small piece of gauze or other foreign substance in the wound and had thus caused the abscess.

Reversed and remanded for a new trial.

PRETTYMAN, Chief Judge (dissenting).

It seems to me my brethren go too far in this opinion. The difficulty arises from the way in which they state the proposition. They say "Everybody knows * * * that it is not approved surgical practice to leave in a patient's body a small bit of gauze * * * or any other foreign nonabsorbable substance, no matter how small." Of course the fact that a foreign substance is left in a wound is not approved by the medical profession. But the question is whether the surgeon's procedure is approved regardless of whether or not it has an unfortunate incident. I would suppose that in many operations calculated risks must be taken. Failure does not necessarily reflect on the surgeon. Of course a procedure which would risk leaving scissors or clamps in a wound is clearly unreasonable, but a procedure which risks leaving a single fiber from a thread does not seem to me to be so clearly unreasonable. The point is that the question before the court is not whether the result, or a by-product, of an operation is approved by the medical profession but is whether the surgeon followed approved procedure. For this reason the presence of a few threads of gauze is not of itself *prima facie* proof that the cause was a departure from that degree of skill and care approved by surgeons. I am unable to say how minutely a surgeon should examine a sponge before, during and after an operation, how carefully he should avoid cutting a few threads from the sponges, how thoroughly he should explore a wound before closing the incision. It may be that if he did these things as surgeons think they should be done the foreign body would not have been left. But perhaps the exercise of all the care surgeons think is reasonable would not have prevented the unfortunate occurrence. The jury needed expert testimony on this point. Without such testimony there was no *prima facie* proof of departure from approved surgical practice.