**Mary BURKE et al., Appellants,**

**v.**

**WASHINGTON HOSPITAL CENTER et al.**

**No. 71–1452.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 9, 1973.

A. Lillian C. Kennedy and Mabel D. Haden, Washington, D. C., were on the brief for appellants.

John L. Ridge, Jr., Washington, D. C., was on the brief for appellee.

Before ELBERT P. TUTTLE,* United States Senior Circuit Judge for the Fifth Circuit, and TAMM and WILKEY, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants, husband and wife, brought this action seeking damages for failure to remove a surgical sponge from Mary Burke's abdomen during an operation performed by Dr. Ernest W. Lowe. Washington Hospital Center, as codefendant and employer of the nurses who attended at the operation, reached a settlement with plaintiffs shortly before trial. After trial below on the remaining claim against Dr. Lowe (who was not an employee of the Hospital), the jury returned verdicts in favor of appellants. However, the trial court subsequently granted a judgment notwithstanding the verdict on the ground that plaintiffs had not introduced "any evidence from which the jury could properly find the defendant Lowe liable." We conclude that the grant of judgment n. o. v. was in error.

■ Plaintiffs' evidence that a surgical sponge was left inside Mrs. Burke during the operation performed by Dr. Lowe establishes a prima facie case of negligence. The jury could infer negligence without any further showing, under the doctrine of *res ipsa loquitur*, because the event complained of is clearly one which "ordinarily would not happen in the absence of negligence." Raza v. Sullivan, 139 U.S.App.D.C. 184, 432 F.2d 617, 620 (1970); Quick v. Thurston, 110 U.S.App.D.C. 169, 290 F.2d 360 (1961).

■ Appellee's brief virtually admits the application of the doctrine of *res ipsa loquitur*, but contends that there was defense evidence adequate to overcome any inference from that doctrine alone. We disagree. The defense consisted primarily of Dr. Lowe's testimony that he carefully searched the abdominal cavity. However, since the jury was free to disbelieve his testimony, it does not necessarily refute the inference from *res ipsa*. "Defense testimony that due care was used will not in itself eliminate the inference rooted in the probabilities of human experience." Raza v. Sullivan, *supra*, 432 F.2d at p. 621, n. 7.

■ Appellee attempted to shift responsibility for the injury by asserting that the nurse's sponge count was reported (obviously erroneously) as in order. While this may be enough to support shared liability on the part of the nurse's employer, Washington Hospital Center, it does not relieve the operating and supervising surgeon of his responsibility.

■ The proper procedure to be followed by the doctor after receiving notice of a "correct" sponge count ultimately relates to the required professional standard of care. Appellee contends that the evidence before the jury did not adequately establish what that standard requires. However, this appears to be that rare sort of case in which the type of harm itself raises so strong an inference of negligence, and the physician's duty to prevent the harm is so clear, that expert testimony is not required to establish the prevailing standard of care. Raza v. Sullivan, *supra*, 432 F.2d at p. 619, n. 3; Young v. Fishback, 104 U.S.App.D.C. 372, 262 F. 2d 469 (1959).

■ Even if expert testimony were required to establish that standard, it

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

**366**

was provided by Dr. Lowe himself when he testified that "the ultimate responsibility is the doctor's, he is always responsible for the patient." (Tr. 60). See 12 A.L.R.3d 1017, 1021. A "correct" sponge count may reduce the scope of further inspection required of the doctor; but, as previously noted, the jury was free to disbelieve Dr. Lowe's version of events and to infer that not even a cursory check was conducted.

■ There was a jury issue presented in this case. The jury found against the defendant. Since the trial judge cannot be permitted to substitute his own view of the evidence, the grant of judgment n. o. v. must be reversed.

On 10 March 1971 the District Court entered an order providing that any jury verdict returned against Dr. Lowe would be reduced to 50%. In light of the settlement with Washington Hospital Center, counsel for both sides had agreed to such a reduction. There has been no appeal from that order. Accordingly, this case is remanded to the District Court for entry of a judgment reinstating the jury's verdict and reducing it in conformity with the order of 10 March 1971.

So ordered.