IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JUNE 20, 2001 Session

**EMANUEL LEWIS, A Minor, by his Mother and Next Friend, LONNIE DAVIS LEWIS, and LONNIE DAVIS LEWIS, Individually v. DR. TODD BROOKS, DR. MICHAEL WASHINGTON, METHODIST HOSPITALS OF MEMPHIS and METHODIST HEALTH SYSTEMS, INC. v. DR. DWIGHT MOORE AND DR. J. K. LAWRENCE**

**Direct Appeal from the Circuit Court for Shelby County**
**No. 75409 T.D.; The Honorable Robert L. Childers, Judge**

---

**No. W2000-02682-COA-R3-CV - Filed August 29, 2001**

---

This appeal involves a claim of medical malpractice. The plaintiff's minor child suffered brain damage during delivery. The only remaining defendants, Dr. Moore and Dr. Lawrence, moved for summary judgment, which the trial court granted. Plaintiff appeals. For the following reasons, we affirm the trial court's grant of summary judgment to defendants.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

L. Anthony Deal, Memphis, for Appellant

Jerry E. Mitchell, John H. Dotson, Memphis, for Appellees

**OPINION**

**Facts and Procedural History**

This is a medical malpractice action. Lonnie Davis Lewis (Ms. Lewis) was pregnant and had received prenatal care from Dr. Moore and Dr. Lawrence. Ms. Lewis was a high risk patient due to her age, hypertension, and obesity.

Ms. Lewis visited Methodist Hospital on March 3, 1995, for a prenatal evaluation called a nonstress test. At the time of the evaluation, Dr. Lawrence was on duty. Dr. Lawrence left the hospital without having discharged Ms. Lewis. Beginning at 5:00 p.m. on March 3, 1995, Dr. Brooks

had begun covering for Dr. Moore and Dr. Lawrence. Dr. Brooks was not advised about Ms. Lewis' presence in the hospital nor did he see Ms. Lewis. Ms. Lewis was discharged at approximately 6:00 p.m. on March 3, 1995, by another doctor not associated with the defendants.

Ms. Lewis came back to the hospital on the evening of March 5, 1995, at approximately 8:00 p.m. Dr. Moore and Dr. Lawrence were not on duty at this time. Due to a previous arrangement, Dr. Brooks was covering for them. When Ms. Lewis arrived at the hospital on March 5, Dr. Brooks was at home. Dr. Brooks was advised by telephone sometime in the late evening that Ms. Lewis was at the hospital. At 10:00 p.m., Dr. Brooks ordered that the plaintiff be admitted to the hospital. There were several calls between Dr. Brooks and the hospital, and Dr. Brooks was advised that there were indications that Ms. Lewis' baby was in distress. At 2:46 a.m. on March 6, 1995, Dr. Brooks ordered that Ms. Lewis be prepared for a c-section, and he left for the hospital. At 3:09 a.m., before Dr. Brooks had arrived, an emergency call known as a "Dr. Stork" page was put out at the hospital indicating that there was an emergency and directing physicians to come to the delivery room. Dr. Washington responded to the call, but he did not deliver the child. When Dr. Brooks arrived at 3:17 a.m., Ms. Lewis was not prepared for a c-section as he had ordered. Dr. Brooks then performed a vaginal delivery. Unfortunately, the child suffered brain damage.

The plaintiffs filed a complaint and amended complaint asserting medical malpractice. The complaint asserted three theories of liability: 1) that Dr. Moore and Dr. Lawrence were negligent in the prenatal care of Ms. Lewis; 2) that Dr. Moore and Dr. Lawrence were negligent in selecting Dr. Brooks to cover for them when they were not on duty; and 3) that Dr. Brooks and Methodist Hospital were guilty of negligence during the delivery of Ms. Lewis' child.[1]

On February 18, 2000, Dr. Moore and Dr. Lawrence moved for summary judgment. Ms. Lewis responded, and the parties argued the motion on May 5, 2000. The court denied the defendants' motion for summary judgment. However, no order was entered. The case was set for trial on September 18, 2000. Sometime shortly before trial, the defendants served the plaintiffs with a supplemental memorandum in support of its motion for summary judgment. The motion was argued the morning of trial, and the judge granted the defendants' motion for summary judgment. Ms. Lewis appeals the ruling from the court below, and raises the following issues, as we perceive them, for our review:

I.      Whether the trial court erred in granting summary judgment to Dr. Moore and Dr. Lawrence.
II.     Whether the trial court erred in limiting discovery as to the opinions of Dr. Moore and Dr. Lawrence.
III.    Whether the trial court erred in refusing to grant Plaintiff a partial summary judgment as to the reasonableness and necessity of medical expenses.

We will address each issue in turn.

---

[1] We note that Plaintiff previously settled with all parties except Dr. Moore and Dr. Lawrence. Dr. Washington, however, was never served with process and made no appearance in the case.

## Standard of Review

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this Court. See Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

## Law and Analysis

Ms. Lewis argues that it was error for the trial court to grant a summary judgment to Dr. Moore and Dr. Lawrence. Dr. Moore and Dr. Lawrence filed a motion for summary judgment on February 18, 2000. The motion was heard by the trial court on May 5, 2000, and the motion was denied. However, no order was entered memorializing the trial court's denial. The case was set for trial on September 18, 2000. On the morning of trial, Defendant's counsel faxed Plaintiff's counsel a supplemental memorandum and advised that he would be seeking summary judgment. At trial, counsel for Moore and Lawrence argued for a summary judgment. Plaintiff's counsel objected that proper notice had not been given. The court excluded Ms. Lewis' expert witness, Dr. Heath, based upon its decision that Ms. Lewis had not properly identified Dr. Heath as an expert in her interrogatories. The court then granted Defendants' motion for summary judgment. The court entered an order granting Defendants' motion for summary judgment on September 20, 2000. On the same day, an order was entered memorializing the May 5, 2000, denial of summary judgment.

First, we address Plaintiff's contention that it was error for the trial court to exclude her expert, Dr. Heath. The trial court excluded Dr. Heath as an expert witness based upon Rule 26.05 of the Tennessee Rules of Civil Procedure, which provides:

> A party who has responded to a request for discovery with a response
> that was complete when made is under no duty to supplement the
> response to include information thereafter acquired, except as
> follows:
>
> (1) A party is under a duty seasonably to supplement the party's
> response with respect to any question addressed to . . . (B) the identity
> of each person expected to be called as an expert witness at trial, the
> subject matter on which the person is expected to testify, and the
> substance of that testimony.

TENN. R. CIV. P. 26.05. Upon a review of the record, it is apparent that Plaintiff did not list Dr. Heath as an expert in her answers to Defendants' interrogatories. "The decision of the trial court in discovery matters will not be reversed on appeal unless a clear abuse of discretion is demonstrated." Benton v. Snyder, 825 S.W.2d 409, 416 (Tenn. 1992). In the instant case, we find that the trial court did not abuse its discretion in disallowing Plaintiff's expert for failure to comply with discovery rules.

Now, we turn to the notice issue. Ms. Lewis argues that she was not given proper notice of the September 18, 2000, summary judgment proceedings. She cites Rule 56.04 of the Tennessee Rules of Civil Procedure for the proposition that "[t]he [summary judgment] motion shall be served at least thirty (30) days before the time fixed for the hearing." Ms. Lewis also argues that Rule 6.04 of the Tennessee Rules of Civil Procedure provides that in the case of any motion, other than an ex parte motion, notice of the hearing must be given at least five days in advance.

As noted above, although the motion for summary judgment heard on May 5, 2000, was technically denied, no order was entered memorializing the denial. We note the well-settled rule that "[a] court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." Environmental Abatement, Inc. v. Astrum R.E. Corp., 27 S.W.3d 530, 536 (Tenn. Ct. App. 2000) (citations omitted). Since there was no order denying the court's May 5, 2000, decision regarding summary judgment, the May 5, 2000, motion was still pending and the court was free to revisit the motion.

We note the case of Jarred v. Hendrix, No. W1998-00550-COA-R3-CV, 1999 WL 1336084, at *1 (Tenn. Ct. App. Dec. 15, 1999). In Jarred, the plaintiff filed a complaint alleging dental malpractice on August 16, 1994. See id. On September 5, 1997, three years after the original complaint was filed, the defendant filed a motion for summary judgment, arguing that the plaintiff had failed to satisfy the requirements for a claim of medical malpractice. See id. Three weeks later, the plaintiff responded by filing the affidavit of a Memphis dentist. See id. At the expert's deposition on April 9, 1998, however, the dentist's testimony was vastly different from the conclusions in his affidavit. See id. At the deposition, the dentist testified that he was not able to conclude that the defendant's conduct fell below the standard of care. See id. As a result of the dentist's testimony, defendant immediately renewed his motion for summary judgment and filed a supplemental memorandum in support of the motion. See id. A hearing on the motion was set for May 8, 1998. See id.

As noted above, the plaintiff's expert was deposed on April 9, 1998, and defendant set the summary judgment motion to be heard on May 8, 1998, which was less than thirty days after the motion was renewed. On appeal, the plaintiff complained that she had not been given the required thirty day notice. See id. at *3. This court rejected plaintiff's notice argument, stating that:

> From September 1997 forward, the basis for [defendant's] motion remained the insufficiency of [plaintiff's] expert medical proof under

Tennessee Code Annotated § 29-26-115. The requirements of Section 29-26-115 remained unchanged, and [plaintiff] was not faced with new facts from [defendant] to which [plaintiff] was required to react. At the hearing on [defendant's] motion, [plaintiff] encountered only the application of Section 29-26-115 to the medical proof she submitted. Under these circumstances, we do not conclude that the trial court erred in deciding [defendant's] summary judgment motion on the scheduled hearing date.

Id. at *4. In the instant case, as in Jarred, Ms. Lewis was not faced with any new facts to which she had to react. The defendants once again challenged Ms. Lewis' medical proof to see if it met the requirements of section 29-26-115 of the Tennessee Code. The court found that Ms. Lewis did not have the necessary medical proof and granted summary judgment to the defendants. Accordingly, under the unique facts of the instant case, Ms. Lewis' argument that she lacked sufficient notice of the September 18, 2000, summary judgment proceedings is without merit.

Ms. Lewis also argues in her brief that she should have been allowed to take a nonsuit when the court excluded her expert witness, Dr. Heath. Rule 41.01 of the Tennessee Rules of Civil Procedure states in relevant part that "[s]ubject to the provisions of Rule 23.05 or Rule 66 or any statute, and **except when a motion for summary judgment made by an adverse party is pending**, the plaintiff shall have the right to take a voluntary nonsuit . . . ." TENN. R. CIV. P. 41.01(1) (emphasis added). In the instant case, Defendants' motion for summary judgment was pending when Plaintiff attempted to take a nonsuit. As a result, the trial judge properly refused to grant Plaintiff's request for a nonsuit.

Next, Ms. Lewis argues that the trial court erred in limiting discovery as to the opinions of Dr. Moore and Dr. Lawrence. Sometime before the depositions of Dr. Moore and Dr. Lawrence were to be taken, Ms. Lewis' counsel was advised that the defendant doctors would refuse to answer questions calling for opinions as to the treatment of Ms. Lewis by other defendant doctors and nurses. Ms. Lewis filed a Motion to Compel. The trial court denied the motion, ruling that Defendants Moore and Lawrence would only be required to testify as to opinions expected to be rendered at trial or opinions relating to their own actions.

Counsel have not cited, nor have we been able to find, any Tennessee cases specifically dealing with this point. However, an unpublished opinion from this court is instructive. In Chambers v. Wilson, (Tenn. Ct. App. May 23, 1984) (Crawford, J.), the issue was whether an expert specifically hired for litigation could be compelled to testify against his will. In holding that an expert could not be compelled to testify against his will, we stated that "the private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained." Id. at 6 (quoting Pennsylvania Co. v. City of Philadelphia, 262 Pa. 439 (1918)).

In the instant case, we note that Dr. Moore and Dr. Lawrence were not listed as expert witnesses by either party. They were simply party defendants who are "experts" by nature of their chosen field. Under the facts of the instant case, we do not find that their expertise is subject to compulsion. As a result, we find that the trial court did not err when it refused to compel Dr. Moore and Dr. Lawrence to answer questions outside the realm of their own actions and opinions that they expected to render at trial. Therefore, this issue is without merit.

Because we affirm the trial court's grant of summary judgment in this case, we pretermit Ms. Lewis' third issue relating to the reasonableness and necessity of medical expenses.

## Conclusion

Accordingly, for the aforementioned reasons, we affirm the judgment of the trial court. Costs on appeal are taxed to Appellant, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE