FILED
07/01/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 2, 2020 Session

## BRITTANY BORNGNE EX REL. MIYONA HYTER v. CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 15C814   J.B. Bennett, Judge**

---

### No. E2020-00158-COA-R3-CV

---

KRISTI M. DAVIS, J., concurring in part and dissenting in part.

I concur in the majority opinion on all issues except the compulsion of Dr. Seeber's testimony. I believe the trial court correctly refused to compel this testimony in reliance on *Lewis ex rel. Lewis v. Brooks*, 66 S.W.3d 883 (Tenn. Ct. App. 2001).

The essence of Plaintiff's action is her allegation that Nurse Mercer too slowly recognized concerning signs and indicators suggesting dangerous complications in her delivery and that she called Dr. Seeber too late. Defendants denied this and put on proof to the contrary, including the testimony of Nurse Mercer, Nurse Stephenson, and Dr. Seeber. Dr. Seeber was not at the hospital during the critical time that Nurse Mercer was providing care to Plaintiff, before she called him. Thus, it is apparent that Dr. Seeber was not providing treatment to Plaintiff during this time. It is not apparent that Dr. Seeber has any more knowledge or insight than any other medical expert who might be called upon to review the documents in Plaintiff's chart and provide an opinion as to whether Nurse Mercer complied with the standard of care.

The underpinning of *Lewis* and the subsequent case of *Burchfield v. Renfree*, No. E2012-01582-COA-R3-CV, 2013 WL 5676268 (Tenn. Ct. App. Oct. 18, 2013), is the recognition that a practitioner who has not been named as an expert witness cannot be forced to provide expert testimony against another practitioner simply because of their knowledge, skill, experience, training, or education. The *Burchfield* Court stated:

> Applicable to this case is this Court's opinion in *Lewis v. Brooks*, 66 S.W.3d 883, 887 (Tenn. Ct. App. 2001), wherein it was explained that doctors who were party defendants in the case could not be compelled to answer questions in discovery regarding their opinions of the treatment given by other doctors.

Determining that there were no Tennessee cases specifically on point, this Court relied upon a Pennsylvania case styled *Pennsylvania Co. v. City of Philadelphia*, 105 A. 630 (1918).

*Id.* at *25. *Burchfield* quoted the Pennsylvania case as follows, in pertinent part:

> The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has a right to ask them to go beyond that. . . . [T]he private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained.

*Id.* The *Burchfield* Court held that "the trial court was correct in its determination that Dr. Calundruccio could not be compelled to provide testimony as an expert against his will. Where the expert's agreement to serve in such capacity has been withdrawn, there is no authority for compelling the expert to 'give up the product of his brain.'" *Id.*

The majority concludes that the foregoing does not apply when the expert opinion is sought from a supervisor against a supervisee. The majority cites no authority for this exception. Rather, the majority opines that such testimony is acceptable because it is highly pertinent and relevant. Respectfully, if that were the standard, then *Lewis* and *Burchfield* should be abrogated. One doctor's opinion about whether another doctor complied with the standard of care is inarguably highly pertinent and relevant. The issue is not the relationship between the parties or whether the evidence is relevant. The issue is whether an expert can be compelled to testify regarding whether another practitioner complied with the standard of care, an issue that was properly resolved in *Lewis* and *Burchfield*.[1]

For these reasons, I concur in part and dissent in part.

/s/ Kristi M. Davis
KRISTI M. DAVIS, JUDGE

---

[1] Moreover, similarly to the defendant doctors in *Lewis*, Dr. Seeber was not designated as an expert witness under Tennessee Rule Civil Procedure 26.02(4). The trial court held that "he is prohibited from rendering opinions about the care provided by others unless and until he is designated as an expert witness pursuant to the requirements of TRCP 26." Despite the trial court's decision prohibiting Dr. Seeber "from rendering opinions about the care provided by others unless and until he is designated an expert witness," Plaintiff did not so designate him.

2