**David ARTRIP and Diane Artrip, Plaintiffs-Appellees,**

v.

**David CRILLEY and Shelley Ford Crilley, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Jan. 11, 1985.

Application for Permission to Appeal Denied by Supreme Court April 1, 1985.

Mindy Norton Seals, Morristown, for plaintiffs-appellees.

Carl R. Ogle, Jr., Jefferson City, for defendants-appellants.

NEARN, Presiding Judge, Western Section.

This is an appeal from a judgment in favor of plaintiffs in a boundary line dispute.

Eight issues are suggested for our consideration by counsel for appellants. Three of these have to do with the record on appeal and it is conceded that if appellants cannot prevail on the "record" issues, the other issues are moot. Appellants cannot prevail on the "record" issues and the judgment below will be affirmed.

Present counsel for defendants-appellants did not represent them at trial. Defendants elected to defend *pro se*. A full trial was had and judgment rendered in favor of plaintiffs as aforesaid. Defendants then decided to obtain counsel. In attempting to prepare his appeal counsel learned that plaintiffs had engaged the services of a Court Reporter who had taped the proceedings but had not transcribed the proceedings as counsel for plaintiffs had no desire to appeal. Appellants' counsel then sought to have the Court order the tape turned over to him. The Court denied the request. That denial is one of the "record" issues. Then, appellants prepared a statement of the evidence with information provided by his clients. That statement was objected to by counsel for plaintiffs-appellees who filed her version of a statement of the evidence. By order of the Court, appellants' statement was rejected and appellees' statement was approved by the Court.

That approval is the subject of the remaining "record" issues.

■■■ The Trial Court is the final arbiter of the transcript or statement of the proceedings. Rule 24(b)–(f), T.R.A.P. Whether the proceedings be memorialized by a stenographer, tape or by counsel's memory, it is subject to correction. Stenographers may err, tapes may be altered and memories may fail. When a dispute arises, the one who directed the proceedings, the Trial Judge, is not only the best one, but is the only one who can resolve such disputes absent extraordinary circumstances, such as the death of the Trial Judge. *See* 24(e), T.R.A.P. Whether or not counsel, who was not at the trial, feels that he could or might have been able to file a more "complete" transcript of the evidence with the aid of the tapes is now completely immaterial. The Trial Judge has approved a statement of the evidence and by the act of such approval certifies that such record is true, fair and, for appellate purposes, complete. In addition, we note that when counsel for appellant filed his statement of the evidence, which was after access to the tapes was denied, counsel listed his issues for appeal. None of those issues remotely refer to the denial of access to the tapes and we do not believe he is even entitled to raise the issue now, although we to some extent consider it.

■■■ Next, counsel insists that we may not review the approved statement of the evidence because the Trial Judge approved it by separate signed order and did not "verify" the actual statement of the evidence by affixing his signature on the face of the statement itself. Of course, no part of the Tennessee Rules of Appellate Procedure is cited as authority for such proposition because the Rules contain no such provision. Instead, counsel cites us to 50 year-old cases concerning "Bills of Exceptions" under long ago repealed statutory procedure. This issue is without merit.

■■■ The last "record" issue falls in the same category as the previous one. The gist of the issue is that appellant should have been allowed 15 days after the appellee filed his statement of the evidence to file objections thereto. Appellant's counsel admits that Rule 24(c) does not so provide, but feels that he has some how been injured by the failure of the Rules to provide him the 15 days. As stated in counsel for appellee's brief, "Such a rule would be nonsensical; it is unnecessary for the appellants to file objections when they had previously filed their statement of the evidence." We would add to that observation this query—What could he file, other than refile what he had already filed as his version?

There is no merit to any issue and the judgment below is affirmed with costs of appeal adjudged against appellant and surety.

Done at Knoxville in the two hundred and ninth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.