IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2019 Session

**VOLHA PURSWANI v. KRISH PURSWANI**

**Appeal from the Circuit Court for Hawkins County**
**Nos. CC-17-CV-200, CC-17-CV-292       Beth Boniface, Judge**

_____

**No. E2018-01029-COA-R3-CV**
_____

This action involves petitions for orders of protection filed by a wife against her husband. Following a hearing on the merits, the trial court entered an order of protection against the husband and in favor of the wife on May 23, 2018. The order of protection prohibited the husband from having contact with the wife and granted the husband co-parenting time with his four children every other weekend. The husband has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Krish Purswani, Kingsport, Tennessee, Pro Se.[1]

**OPINION**

I. Factual and Procedural History

According to the trial court's findings, Volha Purswani ("Wife") and Krish Purswani ("Husband") had been married for approximately fifteen years by the time the order of protection hearing was conducted on May 23, 2018, although they had resided separately for approximately four years. Four children had been born to the parties during the marriage.

_____

[1] The appellee, Volha Purswani, did not file an appellate brief and is not participating in this appeal. It appears from the appellate record that Ms. Purswani was not represented by counsel at any time during these proceedings.

On August 23, 2017, Wife filed a petition for an order of protection against Husband in the Hawkins County Circuit Court ("trial court"). Wife alleged in her petition, *inter alia*, that Husband had been emotionally and physically abusive toward her. Wife stated that Husband was "controlling every aspect of [her] life." Wife further alleged that Husband had taken her car, such that she was unable to buy groceries for herself and the children. The trial court did not find that good cause existed and denied Wife's request for grant of an *ex parte* temporary order of protection. Thereupon, the court scheduled a hearing on the petition for September 15, 2017. On September 10, 2017, Wife filed a handwritten "Notice of Voluntary Dismissal with Prejudice."

On December 6, 2017, Wife filed a new petition for an order of protection. In this petition, Wife alleged essentially the same set of facts as were alleged in the previous petition. Again, the trial court did not find that good cause existed and accordingly denied Wife's request for an *ex parte* temporary order of protection. In turn, a hearing was scheduled for December 14, 2017. Also on December 6, 2017, Husband transmitted a letter to the court, claiming that Wife was driving to court without a valid driver's license and that her car had a "fake" license plate. Husband requested that Wife be arrested for such actions.

The record does not indicate that either party appeared for the hearing before the trial court on December 14, 2017. On December 15, 2017, Wife again filed a handwritten "Notice of Voluntary Dismissal with Prejudice." However, on January 3, 2018, the trial court clerk issued a subpoena directing Wife to appear before the trial court on March 1, 2018. Wife was served with the subpoena on February 12, 2018. Although Wife appeared in court for the March 1, 2018 hearing, upon the trial court's review of the respective file, the court determined that Husband had not been summoned to court and continued the hearing until March 12, 2018. Husband was subsequently served with a subpoena on March 2, 2018, directing him to appear at the March 12, 2018 hearing concerning the order of protection.

On March 12, 2018, Husband filed a pleading entitled, "Respondent's Special Appearance and Motion for Recusal of Judge Beth Boniface." In the motion, Husband alleged that the trial court judge had an "interest" in the case and should recuse herself. Husband claimed that the trial court judge had improperly scheduled the hearing after Wife filed notices of voluntary dismissal on two separate occasions. Husband also alleged that *ex parte* communications had occurred between Wife and the trial court judge.

In ruling on the motion, the trial court issued an order denying Husband's motion for recusal on March 15, 2018. In this order, the court explained that no contact had occurred between Wife and the trial court judge before the March 1, 2018 court date. The court also explained that the issuance of the subpoena for Wife was not at the court's direction and that the trial court judge's communications with Wife had only been in

open court and solely addressed service of process upon Husband and determination of his address. The court stated that the only interest the trial court maintained in the case was an adjudication on the merits. The court therefore determined that there was no factual basis warranting recusal.

The record contains certain documents immediately following the trial court's March 15, 2018 order that are labeled as exhibits, although the court's order does not reference any exhibits. One such document appears to be a handwritten note demanding payment of $500 or $600, which recites, "You choose: either Restrain Order or child support or 500$ for me? You know I am not joking!!!" Another document appears to contain printed text messages from Wife, stating that she intended to contact the police concerning Husband stealing her car. The record also contains a copy of the Certificate of Title to a 2002 Nissan automobile, which indentifies the owner as "Softek Systems Limited Partner." The record further includes a copy of a $500 check from Husband to Wife dated September 10, 2017, as well as a "Settlement and Release" purportedly bearing Wife's signature. The "Settlement and Release" recites that Wife had made false allegations against Husband and had agreed to dismiss her petitions in exchange for Husband's payment of $200. The final exhibit is a copy of an "Emergency Physician Record" from 2012, reflecting that Husband's hand was injured when he "caught a broomstick that was being swung at him."

Wife subsequently submitted a handwritten document to the trial court dated March 21, 2018, which was witnessed by the court clerk. In this filing, Wife stated that she had not willingly filed a notice of dismissal; instead, Wife alleged that Husband had forced her to write the notice of dismissal. On March 28, 2018, Wife sent a letter to the court, wherein Wife indicated that Husband had forced her to dismiss her petitions. Wife also asserted that Husband threatened her if she did not do so and that Husband would not allow Wife to use the car to purchase food. Wife further claimed that Husband had abused Wife physically and emotionally by threatening, *inter alia*, to cancel her phone, "lock [her] inside the gate for weeks," and cancel her driver's license. Wife stated that she had been living in fear of Husband, claiming, "[h]e must be restrained, or I am finished."

On April 13, 2018, Husband filed a motion requesting that the trial court cancel the hearing, close the case, or transfer venue to Sullivan County. In this motion, Husband argued that the case should be considered closed because Wife had filed two notices of voluntary dismissal with prejudice. Husband argued that Tennessee Rule of Civil Procedure 41 precluded the trial court from taking any other actions in the matter beyond ministerial or ancillary acts. In the alternative, Husband requested that the case be transferred to Sullivan County or that a thirty-day continuance be granted to afford Husband time to retain an attorney.

- 3 -

The trial court subsequently entered an order on April 16, 2018, directing that the two petitions be consolidated because the alleged facts and parties were the same. Finding that "Petitioner does not want to dismiss her petitions for orders of protection," the court denied Husband's motion to dismiss. The court also denied Husband's motion to change venue, determining that venue was proper in Hawkins County because the allegations of abuse occurred in Hawkins County. The court concomitantly issued a "Bridging *Ex Parte* Order of Protection," continuing the hearing to May 2, 2018. The court issued a subsequent "Bridging *Ex Parte* Order of Protection" on May 2, 2018, continuing the hearing to May 23, 2018.

The trial court conducted a hearing on the merits and entered a one-year order of protection on May 23, 2018. In support of the order of protection, the court stated as follows in pertinent part:

[Husband] has placed all assets purchased during the marriage into a company owned solely by him. The home in which [Wife] resides is without a mortgage; [Husband's] company charges [Wife] rent. [Wife] suffers with severe mental illness and currently receives SSI. [Husband] voluntarily quit the practice of medicine approximately 2 years ago. He claims to be unemployed. [Husband] pays $100 per month to support his 4 children. [Husband] was not a credible witness. [Husband] had no other witnesses testify on his behalf.

[R.S.], neighbor, testified to seeing [Husband] pull [Wife's] hair and shove her. [N.P.], 14 year old son, testified to seeing his father pull his mother's hair, hit her in the face and body, and bend back her fingers. [N.P.] witnessed the abuse 4 years ago when they lived together as a family. Both of these witnesses were credible and the Court credits their testimony. [Husband] in the past, has locked the 6 foot fence trapping [Wife] in her yard.

[Husband] systematically kept [Wife] in a desperate financial state so that he could control her. [Wife] has accepted money in the past to dismiss her Petitions for Orders of Protection. [Wife] testified that she had to dismiss because of her desperate financial condition. [Husband] testified that he has not given her any financial assistance except when paying her to dismiss her Petitions. [Husband] testified that his license to practice family medicine was not revoked for any reason. He just decided to quit working.

[Wife] desires a divorce but [Husband] refuses. [Husband] used vulgar and offensive language to describe his wife evidencing contempt for her. [Wife] testified to physical abuse at the hands of [Husband]. She

- 4 -

testified to being hit on her body, shirt ripped and neck scratched, hair pulled. The Court finds that [Husband] has physically abused [Wife].

Husband timely appealed the trial court's May 23, 2018 order. Following the filing of a statement of the evidence by Husband and in response thereto, the trial court prepared its own statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(e), which was filed on August 13, 2018. In this statement of the evidence, the court established:

1. The Court never engaged in ex parte communications with [Wife]. [Husband] may not be aware that the Court's chambers are attached to the courtroom and that when the hearing adjourned the Judge left the bench and did not return. The Court never answered any questions for [Wife]. The Court did ask questions of both parties and took notes regarding their answers. The Court never offered to help [Wife] find a lawyer for any purpose, nor intervene in any other matter besides what was in front of the court, the Petition for Order of Protection.

2. The Court heard the Motion for Recusal and as the record reflects made a written ruling denying the motion.

3. The Court heard the Motion to Cancel Hearing and Close Case. The Court ruled that [Wife] had filed Motions to Dismiss but had withdrawn the motions at the hearing. [Wife] is from Poland, has insufficient knowledge of the legal system, and suffers from severe mental illness. [Wife] was unrepresented by counsel and asked orally, and by written motion, that the Court allow her to withdraw her motions to dismiss. She further informed the Court that she needed protection from [Husband].

4. As is shown in [Husband's] Statement of the Facts #2 paragraph 4, [Husband] was mistaken that "Ms. Beth Boniface then kept arguing that the Petitioner does not want to dismiss her case." The Court made a ruling which [Husband] refused to accept. Then after repeated warnings, the Court admonished [Husband] that he must abide by the rules of the Court and that once the Court had made a ruling that would be the conclusion of argument on the issue. [Husband] repeatedly had difficulty with the Court's authority to make rulings to which he did not agree.

5. [Husband's] oral motion to strike [Wife's] filings requesting that the Petition not be dismissed was denied as she was proceeding pro se and had very limited knowledge of the legal system. The error of not including a caption or certificate of service was remedied by resetting the hearing to

allow [Husband] time to prepare his case. As [Husband] stated the clerk provided him with copies of [Wife's] filings.

6. [Husband's] argument that venue was improper was denied as the alleged abuse occurred in Hawkins County.

7. [Wife] did not admit that the contents of the Notices of Dismissal were true only that she did sign them in an effort to get money to feed her children.

8. The text messages sent from [Wife] to [Husband] were admitted into evidence as Exhibit 3. [Husband] did not note in his Statement of the Evidence the text message which stated: "I will need this car to buy food and buy petrol, bring it back!!!" and "Children will not go to school tomorrow. They do not have food here to eat, nor clean clothes to wear thanks to you for taking my car. YOU WANT TO PLAY GAMES WITH ME, SO LETS PLAY!!!"

9. [Wife] did admit that she had in the past been diagnosed with a mental illness for which she receives SSI [Supplemental Security Income]. [Wife] did not admit that she had paranoid delusions and was often afraid. She did not state that she could not drive due to her mental illness.

10. [Wife] stated that [Husband] would cancel her phone service when she disobeyed him. She testified that he would hit her in the head and body, pull her hair, rip her shirt, put his arm to her neck, and call her derogatory names in front of the children. She admitted on cross-examination that she did hit [Husband] in 2012 because he was hitting her and that he lifted their daughter by the hair.

11. [The parties'] son testified clearly and credibly that [Husband] pulls [Wife's] hair, hurts her fingers, hits her in the face and body, pulls her shirt ripping it, and has shaken him because he caused fights between [Wife] and [Husband]. He testified that his parents would fight a lot and [Husband] was violent.

12. [R.S.] testified that she had seen [Husband] shove [Wife] and jerk her by the hair. She also testified that [Husband] "ran her off" and told her to stay away from [Wife]. She stated that she was afraid that [Husband] would hit her. [R.S.] was a credible witness.

13. The Tennessee Department of Human Services, Family Assistance, Medical Evaluation Unit Decision was not admitted into evidence.

14.     [Husband] was not a credible witness.

15.     The Order of Protection was granted due to the findings of fact recited within the Order.

## II.  Issues Presented

Husband presents the following issues for review, which we have restated slightly:

1.     Whether the trial court erred by conducting further proceedings in this matter following Wife's filing of notices of voluntary dismissal with prejudice.

2.     Whether the trial court erred by issuing subpoenas to the parties following Wife's filing of notices of voluntary dismissal with prejudice.

3.     Whether the trial court erred by determining that Wife had proven her allegations of domestic abuse by a preponderance of the evidence.

4.     Whether the trial court erred by denying Husband's motion to recuse when the trial court judge allegedly exhibited prejudice against Husband and/or engaged in illegal and unethical acts.

## III.  Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law

should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *See Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV. Effect of Notices of Dismissal

Husband's first two issues on appeal focus on the trial court's actions following Wife's filing of notices of voluntary dismissal. Husband argues that the trial court did not have the authority, based on Tennessee Rule of Civil Procedure 41.01, to conduct further proceedings once Wife had "dismissed the case(s)" by filing "Notices of Voluntary Dismissal with Prejudice." We disagree, determining that Husband's argument misapprehends the procedure embodied in Tennessee Rule of Civil Procedure 41.01 concerning voluntary dismissals.[2] In 2004, Tennessee Rule of Civil Procedure 41.01 was amended to add a new subsection (3), which states: "A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods."

The Advisory Commission Comment to this amendment explains that the amendment stemmed from the Tennessee Supreme Court's decision in *Green v. Moore*, 101 S.W.3d 415, 420 (Tenn. 2003). In *Green*, the High Court was faced with the question of whether the thirty-day period for filing a notice of appeal commenced when the notice of voluntary dismissal was filed by the plaintiff or when the order of the trial court confirming that all claims had been adjudicated was entered. *Id*. at 418-19. The Court concluded that an order confirming the dismissal was necessary, explaining:

> If filing a notice of voluntary nonsuit was all that was required to conclude an action, the Court of Appeals could then receive the appeal without the trial court ever entering an order or assessing costs. Such a holding would be contrary to common sense and our own precedent. As the Court of Appeals correctly noted in *Evans,* a "[c]ourt speaks only through its written judgments, duly entered upon its minutes." *Evans* [*v. Perkey,*] 647 S.W.2d [636,] 641 [(Tenn. Ct. App. 1982)]; *see also Ivey v. State,* 210 Tenn. 422,

---

[2] We note that Tennessee Rule of Civil Procedure 41 governs dismissal of actions and provides for voluntary dismissals, pursuant to Rule 41.01, and involuntary dismissals, pursuant to Rule 41.02. Regarding the application of Rule 41.01, no distinction appears to exist in relation to whether a voluntary dismissal is categorized as with or without prejudice. Husband concedes in his appellate brief that Tennessee Rule of Civil Procedure 41 governs this matter.

360 S.W.2d 1, 2 (1962); *Lewis ex rel. Lewis v. Brooks,* 66 S.W.3d 883, 886 (Tenn. Ct. App. 2001); *City of Newport v. Masengill Auction Co.,* 19 S.W.3d 789, 795 (Tenn. Ct. App. 1999). Accordingly, we conclude that the unfavorable rulings of the trial court did not become appealable for the appellant until the trial court entered its order on March 13, 2002 confirming that all claims between the parties had been adjudicated.

*Id.* at 420.

Similarly, in this matter, the notices of voluntary dismissal filed by Wife were ineffective, standing alone, to function as a complete adjudication of Wife's petitions. *See, e.g., Rose v. Bushon*, No. E2015-00644-COA-R3-CV, 2016 WL 7786449, at *4 (Tenn. Ct. App. Mar. 28, 2016) (determining that when the plaintiff filed a notice of voluntary nonsuit, the trial court entered an order of dismissal, and there was "no subsequent order in the record that discuss[ed], alter[ed], amend[ed], vacat[ed], or otherwise disturb[ed] this order," it was error for the trial court to take further action in the case). Pursuant to the Supreme Court's opinion in *Green* and the plain language of Tennessee Rule of Civil Procedure 41.01(3), a motion for voluntary dismissal must be confirmed by entry of an order from the court before the action is concluded. *See Garen v. Bowman*, No. M2010-00512-COA-R3-CV, 2010 WL 4024907, at *2 (Tenn. Ct. App. Oct. 12, 2010) (explaining that the entry of an order of voluntary dismissal is required before the voluntary dismissal takes effect and that the lawsuit remains pending until the order is entered).

In the case at bar, the trial court never entered an order regarding Wife's "Notice(s) of Voluntary Dismissal with Prejudice" because Wife made an oral motion to withdraw the notices of dismissal shortly after their filing. Wife also filed a handwritten document with the trial court, wherein Wife explained that she had not willingly filed a notice of dismissal; rather, she stated that she filed the notices due to Husband's threats. Because no order had been entered, the trial court permitted Wife to withdraw her notices of dismissal and properly proceeded to adjudicate the petitions for an order of protection on the merits.

Based on Tennessee Rule of Civil Procedure 41.01(3) and relevant precedent, we conclude that the trial court possessed the authority to take whatever actions were necessary to proceed to a hearing on the merits because Wife withdrew her notices of voluntary dismissal before the trial court had entered an order of dismissal. We therefore determine that Husband's first two issues are without merit.

### V. Sufficiency of Evidence in Support of Order of Protection

Husband argues that the trial court erred by finding that Wife had proven her allegations of domestic abuse by a preponderance of the evidence. Husband asserts that

Wife produced no medical records demonstrating injury, that Wife's testimony was "vague and incoherent," and that Wife's witnesses did not corroborate her testimony. We note that Husband did not file a transcript from the hearing concerning the order of protection. Although Husband did file a statement of the evidence on August 3, 2018, a review of this submission readily demonstrates its clear dissymmetry with the trial court's statement of the evidence.

This Court has often recognized that a trial judge presiding over the subject proceedings is in the best position to resolve any disputes regarding the statement of the evidence. *See Artrip v. Crilley*, 688 S.W.2d 451, 453 (Tenn. Ct. App. 1985). By approving a statement of the evidence, the trial judge certifies that such statement is "true, fair and for appellate purposes, complete." *See id.* Pursuant to Tennessee Rules of Appellate Procedure 24(c) and (e), the trial court's determination with regard to the record and statement of the evidence is conclusive "absent extraordinary circumstances." "Situations which may constitute such 'extraordinary circumstances' include the death of the trial judge or evidence of bias." *Williams v. Williams*, No. M2013-01910-COA-R3-CV, 2015 WL 412985, at *6 (Tenn. Ct. App. Jan. 30, 2015), *perm. app. denied* (Tenn. June 12, 2015) (citing *Artrip*, 688 S.W.2d at 453).

Rather than approving Husband's statement of the evidence, the trial court prepared its own statement of the evidence, pursuant to Tennessee Rule of Appellate Procedure 24(e), on August 13, 2018.[3] In its statement of the evidence, the court noted that Wife had presented testimony that Husband "would hit her in the head and body, pull her hair, rip her shirt, put his arm to her neck, and call her derogatory names in front of the children." According to the trial court, Wife also presented evidence from two witnesses, one of whom was the parties' son, detailing their recollections of physical abuse that they had witnessed Husband inflict upon Wife. The court specifically found these witnesses to be credible while determining that Husband was not a credible witness.

Tennessee Code Annotated § 36-3-605 (2017) provides as follows, in pertinent part, with regard to the issuance of an order of protection:

---

[3] Tennessee Rule of Appellate Procedure 24(e) provides:

**Correction or Modification of the Record.** If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

(a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of this section.

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order that has been issued, or shall, if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period. . . . If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, the court may, at that time, issue an order of protection for a definite period of time, not to exceed one (1) year.

(Emphasis added.)

The domestic abuse statute defines "abuse" as "inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, malicious damage to the personal property of the abused party . . . ." *See* Tenn. Code Ann. § 36-3-601(1) (2017). Furthermore, "Domestic abuse" is defined as "abuse" against certain victims, including current spouses. *See* Tenn. Code Ann. § 36-3-601(4), (5) (2017).

Based on our review of the trial court's statement of the evidence, we determine that the evidence does not preponderate against the trial court's finding of domestic abuse by Husband sufficient to justify the court's entry of a one-year order of protection in Wife's favor. Despite Husband's assertions to the contrary, the trial court's determination of the accuracy of the statement of the evidence is conclusive for purposes of this appeal. *See* Tenn. R. App. P. 24(e); *Reed v. Akende-Reed*, No. M2017-00628-COA-R3-CV, 2018 WL 565844, at *2 (Tenn. Ct. App. Jan. 25, 2018). We therefore conclude that Husband's arguments regarding the sufficiency of the evidence are unavailing.

## VI. Trial Court's Denial of Motion to Recuse

Finally, Husband contends that the trial court erred by denying his motion to recuse. In support, Husband claims that the trial court judge exhibited prejudice against Husband and/or engaged in illegal and unethical acts while adjudicating this matter. Husband asserts, *inter alia*, in his appellate brief: "Judge Beth Boniface (a white female), appears to have gotten attached to [Wife], also a white female, and unleashed a torrent of illegal and unethical acts against this Indian-born male Respondent-Appellant, who is the real victim." Husband detailed examples of the trial court judge's alleged "illegal and unethical acts," including: (1) refusing to dismiss the case, despite Wife's filing of notices of voluntary dismissal; (2) causing the clerk to issue a subpoena to compel Wife to appear in court; (3) denying Husband's motion to recuse; (4) failing to have Wife arrested for driving to court without a license; (5) issuing the order of protection when there was purported evidence that Wife was "extorting" money from Husband; and (6) making false findings of fact in the order.

We note that Husband filed a motion seeking the trial court judge's recusal on March 12, 2018, raising some of the same allegations as detailed above. The trial court denied Husband's motion by order dated March 15, 2018. In that order, the trial court judge stated that her first knowledge of the case occurred when Wife appeared in open court on March 1, 2018, for a hearing concerning the order of protection. The court further noted that upon review of the file, it was determined that Husband had not been served. The court accordingly reset the hearing and instructed Wife to provide the clerk with Husband's address so that he could be served with process. The trial court judge stated that this exchange occurred in open court and that she had no prior contact with anyone regarding the matter. The trial court judge further affirmed that she did not direct that a subpoena be issued for Wife and had not discussed the case with any clerk.

Concerning the motion to recuse, the trial court judge determined that she was not prejudiced or biased in favor of either party and that there had been no appearance of impropriety. The trial court judge further determined that she had no personal interest in the litigation. Husband's motion to recuse was denied upon a finding that there was no basis warranting recusal.

This Court reviews the denial of a motion for recusal utilizing a *de novo* standard of review. *See* Tenn. Sup. Ct. R. 10B, § 2.01; *Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at *4 (Tenn. Ct. App. May 28, 2015). We note that several of Husband's allegations reviewed above have been resolved by this Court's determinations in this Opinion. Husband argues in his brief that the trial court judge demonstrated partiality in favor of Wife while acting unethically toward Husband, making "false" factual findings in Wife's favor. In the absence of a proper transcript, it is impossible for this Court to review these allegations. We also note that adverse rulings and findings regarding credibility alone do not merit a trial court judge's recusal. *See*

- 12 -

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). As our Supreme Court has explained:

> Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the [impartiality] issue for strategic advantage, which the courts frown upon.

*Id.*

> Furthermore, as this Court has elucidated regarding bias and prejudice:

> [A]lthough "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party . . . [n]ot every bias, partiality or prejudice merits recusal." *Alley v. State,* 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). Rather, "[t]o disqualify, prejudice must be of a personal character, directed at the litigant, [and] 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id*. (quoting *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 697 (Mo. App. 1990)). "Personal bias involves an antagonism toward the moving party, but does not refer to any views that a judge may have regarding the subject matter at issue." *Id.* (citing *United States v. Baker,* 441 F. Supp. 612, 616 (M. D. Tenn. 1977); 46 Am. Jur. 2d "Judges" § 167 (1969)). Moreover, "[i]mpersonal prejudice resulting from the judge's background experience does not warrant disqualification." *Id.* (citation omitted). Where "the bias is based upon [the judge's] actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.*

*Durham v. Tenn. Dep't of Labor & Workforce Dev.*, No. M2014-00428-COA-R3-CV, 2015 WL 899024, at *10 (Tenn. Ct. App. Feb. 27, 2015).

In this matter, Husband has not demonstrated any personal bias or prejudice exhibited by the trial court judge of an extrajudicial nature. Husband attempts to point to exchanges that allegedly occurred between Husband and the trial court judge during the hearing as evidence of personal bias. We reiterate, however, that because Husband has failed to provide this Court with an adequate record to review this issue, no relief can be granted. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 492 (Tenn. Ct. App. 2009). Based

upon our *de novo* review of the record in this matter, we have found no evidence of personal bias, prejudice, or impropriety, and we accordingly conclude that the trial court did not err by denying Husband's motion to recuse.

## VII. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. Costs on appeal are taxed to the appellant, Krish Purswani. This matter is remanded to the trial court for enforcement of the judgment and collection of costs assessed below.


_____
THOMAS R. FRIERSON, II, JUDGE