FILED

07/23/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2024 Session

## ROBERT HOWARD v. MONICA HOWARD

**Appeal from the Chancery Court for Sullivan (Blountville) County**
**No. 23-CK-44003          John S. McClellan, Judge[1]**

_____

### No. E2023-01438-COA-R3-CV
_____

This appeal concerns the trial court's dismissal of a petition for an order of protection filed by the appellant husband. We affirm the trial court's dismissal of the order of protection but reverse the trial court's award of attorney fees to the respondent wife.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

Robert Howard, Blountville, Tennessee, pro se appellant.

Jason Andrew Creech, Johnson City, Tennessee, for the appellee, Monica Howard.

**OPINION**

## I.      BACKGROUND

Monica Howard ("Wife") and Robert Howard ("Husband") married in January 2015. They have two children together. On August 15, 2023, Husband filed the instant action, a petition for an order of protection from Wife. At that time, a divorce action was pending in Sullivan County, filed by Husband in February 2023, and a temporary parenting plan was in place providing split custody. Husband alleged stalking as the basis for his requested order imposed against Wife to "stay away" from him and their children either directly or indirectly. He further requested temporary custody of the children based upon Wife's behavior on July 14, 2023, at which time he alleged that she was not taking her medication and had removed the children from the marital residence.

_____

[1] Sitting by interchange.

The trial court set the matter for hearing. Husband filed a motion to amend his petition, changing the alleged date of the inappropriate behavior to August 14, 2023, and further raising complaints concerning Wife's behavior in prior years.

The matter proceeded to a hearing, at which the trial court precluded evidence from 2017 and 2018 as irrelevant to the present petition. Husband entered various communications from Wife into evidence in which she used derogatory language to voice her feelings toward him and threatened to kill herself.

Wife testified that Husband argues with her until she becomes upset, after which he records her. She admitted making statements that were "out of line" but claimed that such behavior was not her nature. She provided that she was under the care of a therapist and was on prescription medication. She denied that missing her medication would cause her to engage in harmful behavior.

The parties testified that they planned a family dinner at a local restaurant for August 14, 2023. Husband arrived with the children at the appointed time. Wife admitted that she was late and sent Husband a text message advising him she would be there shortly. Husband left with the children before Wife arrived, prompting Wife to appear at the marital residence. Wife entered the residence by ladder through an unlocked window. An argument ensued, and Wife attempted to take the children. She ultimately left without them. Husband admitted that he did not fear for his safety or the children's safety.

Following the hearing, the court dismissed the petition, finding that Husband failed to prove the evidence in the petition by a preponderance of the evidence. The court noted that Wife's threats of suicide did not place Husband or the children in any danger of abuse. Further, Husband testified that he was not fearful for his or the children's safety throughout the pertinent time period.[2]

Husband filed numerous post-trial motions, which were denied. The court awarded Wife her attorney fees for her defense of the motions. Husband filed this appeal on October 12, 2023. The trial court entered a statement of evidence into the record for this court's review with the above mentioned findings of fact and conclusions of law.

---

[2] The court found that the children were also not included in the petition because Husband did not check the box on the petition indicating that providing their address would place them in danger.

## II.     ISSUES

We consolidate and restate the dispositive issues on appeal as follows:

A.     Whether the record before this court is sufficient for appellate review.

B.     Whether the trial court erred in its dismissal of the petition.

C.     Whether Wife is entitled to an attorney fee award at trial and now on appeal.

## III.     STANDARD OF REVIEW

The trial court may issue an order of protection if "the petitioner has proven the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence." Tenn. Code Ann. § 36-3-605(b). "Proving an allegation by a preponderance of the evidence requires a litigant to convince the trier-of-fact that the allegation is more likely true than not true." *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 825 n.19 (Tenn. Ct. App. 2005) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 634–35 (Tenn. Ct. App. 1984)).

We review this non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## IV.     DISCUSSION

### A.

As a threshold argument, Husband claims that the record before this court is insufficient. Tennessee Rule of Civil Procedure 52.01 requires that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law." In dismissing the petition, the trial court entered a general form order typically entered in order of protection cases indicating that the

allegations were not established by the preponderance of the evidence. In response to Husband's filing of his proposed statement of facts, the trial court then entered a statement of the evidence in accordance with Rule 24(e) of the Tennessee Rules of Appellate Procedure.[3] This statement was properly entered and contains sufficient findings of fact and conclusions of law to facilitate our review. *Artrip v. Crilley*, 688 S.W.2d 451, 453 (Tenn. Ct. App. 1985) ("The Trial Court is the final arbiter of the transcript or statement of the proceedings.").

B.

Orders of protection are statutorily governed by Tennessee Code Annotated section 36-3-601, *et seq*. The stated purpose of the statutes was

> to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers. Thus, the General Assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

Tenn. Code Ann. § 36-3-618. In 2005, the General Assembly amended the statutes to also protect victims of sexual assault and stalking. 2005 Tennessee Laws Pub. Ch. 381 (S.B. 645). However, the legislative purpose and intent of the statutes remained, despite numerous updates to the statutes and the inclusion of sexual assault and stalking victims. *See generally* Tenn. Code Ann. § 36-3-618 (reflecting no substantive changes since 1995).

Pursuant to Section 36-3-602(a), a stalking victim may seek relief from the courts pursuant to Title 36 when such person "has been subjected to, threatened with, or placed in fear of, domestic abuse, stalking, or sexual assault." "'Stalking victim' means any person, regardless of the relationship with the perpetrator, who has been subjected to, threatened with, or placed in fear of the offense of stalking, as defined in [section] 39-17-315." Tenn. Code Ann. § 36-3-601(11). Section 39-17-315(a)(4) defines stalking as

> a willful course of conduct involving repeated or continuing harassment of

---

[3] "If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive." Tenn. R. App. P. 24(e).

another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

Similarly,

"Harassment" means conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable person to suffer emotional distress, and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose[.]

Tenn. Code Ann. 39-17-315(a)(3). Emotional distress is defined as "significant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling." Lastly,

(5) "Unconsented contact" means any contact with another person that is initiated or continued without that person's consent, or in disregard of that person's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:
(A) Following or appearing within the sight of that person;
(B) Approaching or confronting that person in a public place or on private property;
(C) Appearing at that person's workplace or residence;
(D) Entering onto or remaining on property owned, leased, or occupied by that person;
(E) Contacting that person by telephone;
(F) Sending to that person mail or any electronic communications, including, but not limited to, electronic mail, text messages, or any other type of electronic message sent using the internet, websites, or a social media platform; or
(G) Placing an object on, or delivering an object to, property owned, leased, or occupied by that person[.]

In sum, "[a]n immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of" the order of protection statutes. Tenn. Code Ann. § 36-3-605(a).

Husband first takes issue with the trial court's exclusion of evidence from 2017 and 2018. Rulings on the admissibility of evidence are within a trial court's discretion. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222–23 (Tenn. Ct. App. 1999). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision

which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). We hold that the trial court did not abuse its discretion in finding that evidence from several years prior was too remote to have bearing on whether Wife's actions posed an immediate and present danger of abuse.

In support of his petition, Husband described Wife's actions as follows:

- Forcefully trying to remove the children from his home.
- Breaking into his home through a window using a ladder.
- Sending harassing text messages.
- Threatening suicide via phone calls and texts.
- Voluntarily not taking prescribed medications for depression.

He entered various communications from Wife into evidence in which she used derogatory language to voice her feelings toward him and threatened to kill herself. Husband argues that Wife's threats of suicide should be considered pursuant to the Tennessee's most recent Domestic Abuse Benchbook. Husband is correct that these communications are concerning and should be considered; however, none of them establish an immediate and present danger of abuse to him or the children. Husband further testified that he was not fearful for his or the children's safety throughout the pertinent time period. Indeed, the evidence presented does not support such a finding or that Wife's actions caused Husband to feel terrorized, frightened, intimidated, threatened, harassed, or molested. In consideration of the foregoing, we affirm the denial of the petition. Any remaining ancillary issues raised by Husband, apart from the attorney fee award, are pretermitted.

## C.

Husband argues that the trial court erred in awarding Wife her attorney fees in defense of his post-trial motions. Tennessee follows the American Rule which provides that "litigants pay their own attorney[ ] fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). The trial court entered the award because no new evidence was presented in the motion for reconsideration. The domestic violence statutes are clear that attorney fees may be awarded to a respondent only when the trial court makes the following findings:

(A)     The petitioner is not a domestic abuse victim, stalking victim, sexual assault victim, or victim of a felony offense under title 39, chapter 13, part 1, 2, 3, or 5 and that such determination is not based on the fact that the petitioner requested that the petition be dismissed, failed to attend the hearing or incorrectly filled out the petition; and

(B) The petitioner knew that the allegation of domestic abuse, stalking, sexual assault, or felony offense under title 39, chapter 13, part 1, 2, 3, or 5 was false at the time the petition was filed.

We reverse the attorney fee award because such findings are absent from the record.

Wife seeks to recover her attorney fees on appeal based upon the frivolous nature of the appeal. Tennessee Code Annotated section 27-1-122, provides that:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Having reversed the attorney fee awarded by the trial court, we respectfully decline Wife's request for attorney fees on appeal.

## V.    CONCLUSION

For the reasons stated above, we affirm the trial court's dismissal of the petition for the order of protection but reverse the trial court's attorney fee award. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Robert Howard.

_____
JOHN W. MCCLARTY, JUDGE